Lata v. Gonzales, U.S. v. Silva Huerta, U.S. v. Doe and U.S. v. Blandon. All those are submitted on the briefs. We've got three argued cases, the first of which is U.S. v. Sanchez-Toro. When you're ready, Counsel. Good morning. May it please the Court, my name is Frank Leone and I am representing Mr. Sanchez-Toro in this case. Mr. Sanchez-Toro pleaded guilty to possession with intent to distribute marijuana and at his sentencing, the judge gave him actually a sentence below the guidelines. What prompted this appeal, however, is the district judge's comment that the defendant was getting a slightly higher sentence due to the fact that he had not entered into a plea agreement. And the prosecution sought to justify the slightly longer sentence on two grounds. They said, first of all, defendants who accepted a plea agreement actually get a 5K13 motion for early disposition on their cases by the government. But he also said that they justify a lower sentence because the defendant in those instances also waives his right to appeal. By the way, you know, on the case that you're trying to compare your case to, was there such a motion? No. Excuse me. On the case where the defendant got 30 months, I wasn't present for that sentencing, but I suspect that it probably was. It probably was, yes. In any event, our position is this, that it violates a defendant's due process rights where the court considers something that it should not consider in determining what's an appropriate sentence after Booker and given the case law after that. Now, if, in fact, the defendant had been offered a plea where a 5K13 motion was a possibility, I don't think we'd have anything to complain about. My concern and our objection is that the court stated that it was imposing a higher sentence because, one, the defendant did not enter into a plea agreement, and the government, in essence, was arguing that besides the absence of a 5K13 motion, that the defendant had not waived his right to appeal. And we submit that that's an improper consideration for the district  To be honest with you, after Mr. Sanchez-Toro was sentenced, we didn't have really and I didn't have any particular objection to the sentence because it was, in fact, below the guidelines. It was only when the judge mentioned that the reason he was getting a longer sentence was because he didn't have a plea agreement, and when the government sought to justify the lower sentences on the basis that the defendant waives his right to appeal, that I complained about it, primarily because, in this instance, there was never a plea offer made. Yes, sir. There was never one on the table, right? Pardon me? There was never a plea offer on the table. That's correct. That's correct. And so the defendant pleaded straight up to the indictment because if he hadn't, he would have, of course, lost the acceptance of responsibility and safety valve eligibility. And that's what's really our concern in this instance. I have, I will tell the court I've had cases where we've gone to sentencing after a defendant has pleaded straight up, and the primary objection from the government to any downward departures is that the defendant has not saved the government any money because they intend to file appeals either to sentencing calculations done in the pre-sentence report. Here's my problem with this case, and I'm finding it actually a little bit hard to categories that I think I have, and that is there was absolutely no requirement, of course, for the prosecutor to offer a plea agreement. No. And as you said, and I think we're all in agreement, had the district judge simply not said anything, the sentence was fine. In fact, it was pretty good because We were happy with it, to be honest. it was below the guidelines. It may be that it was an improper factor to rely on that he had not pled when, in fact, he had not been given the opportunity to plead. I say it may be, I'm not sure. If this case goes forward, and if we affirm, and if we let stand the judge's statement that this was not the reason, but one of his reasons, what that really does is give the prosecutor some control over sentencing by his or her decision whether to offer a plea agreement. Why would that be wrong? This is a why is that not properly in the hands of the prosecutor? All kinds of things are in the hands of the prosecutor, whether to offer this or that, and one of the consequences of offering a plea or not a plea might be three months' difference in the sentence. Well, I don't think there's anything wrong with having the prosecutor have some control over the possible range of sentences. Certainly, that's done on a daily basis. Sure. What's inappropriate, we submit to the court, is where the judge tries to, as the court in this instance say, foster respect for the plea process. I think that becomes very close to becoming engaged in the plea negotiations. And if it were the case that in all cases the prosecution offered a plea agreement, then probably that wouldn't be a problem. But in this instance, where there is no plea offer, and the court is in essence saying, I'm going to give you a longer sentence because you didn't enter into a plea. There it seems to me that it's the district court that has made the determination that a longer sentence or a more severe sentence is appropriate because there's no written plea agreement wherein there's a waiver of the appeal rights and also there's no 5K13 motion. And as I say, I was rather surprised to have heard the judge say that. But I do know that it happens in some instances. And when the prosecution, as I say, tends to defend that by saying, well, this defendant has not waived his right to appeal, therefore you should give him a longer sentence. Here's the other problem. It's a related problem I have with your argument. Apparently, your client got the very low end of the guideline, didn't he? He got actually below the guidelines. Right. All right. So he got below the guidelines. So it seems to me the only way you could justify anything less is under one of these early disposition motions, which is I think what happened in this other case you're trying to compare it to. So I don't think you're attacking that early disposition motion as, you know, facially invalid. So as I see it, practically speaking, the difference between your case and this case to this similar person who got three months less, 30 months is because he had the advantage of the early disposition motion. Now, what's wrong with that? Well, I disagree that that's the only way that he could have gotten anything less. Alex could have gotten something less. The judge could consider Booker and 3553. He did. He got less, as you say, less than the guideline. Yes. But what I'm saying is this, that even after those considerations are taken into account, if the court considers something that it ought not to, for example, that the defendant has not waived his rights or has not entered into a written plea agreement, then I think that's an improper consideration because the determination of the sentence ought to be made on the basis of the facts and of the defendant, taking into account all of the factors that have been indicated. Here, I'm submitting to the court, the judge does more than that. He considers the fact that the defendant has not entered into a plea agreement, which ought not to play any role in his determination of those factors which will ultimately determine the sentence. And certainly, as I say, the prosecution was arguing he hasn't waived his rights to appeal. He's not saving the government any money. I think that's an improper consideration unless there had been a plea agreement and the defendant then decides to go ahead and file an appeal after he's agreed to waive it. Then, of course, he hasn't saved the government funds. Well, you know, the district court did mention the factor that you're arguing, but it seems to me, you know, he was a little more tentative and in a sense, at one point, almost backed off, didn't he? Well, I think he did, Your Honor. And as I say, I was rather surprised and it may have been that the court realized that we were going on a slippery road here. But if you read the transcript, and I believe it's at page 28 or so, the judge says that the defendant is getting the longer sentence because he has no plea agreement. And he does mention that there's no 5K1 motion. But in the plea agreements, it's not just the 5K13 motion. It's the included waiver of all the rights to appeal or collaterally attack the sentence at any later point that, in many instances, justifies or at least indicates, the prosecution indicates, is their biggest motivation for asking or insisting on a plea agreement. And so the judge is saying that the court has an improper consideration that wasn't done in this case and it seems that the court may have taken that into account in determining the sentence. And we submit that even though it's an appropriate sentence in the sense that it complies with the Guidelines, it in fact even falls behind below the Guidelines, once the court takes into account an improper consideration, the sentence is unreasonable, quite apart from whether or not it falls within the Guidelines, if it takes into account an improper consideration. If the court had said something to the effect of, well, I always give Mexican defendants this type of sentence, then obviously that would have been an improper consideration, regardless of how reasonable the sentence may be. Okay. I think we've got your argument in hand. Let's hear from the government and while you've reached the end of your time, we'll give you a minute in response. Thank you, Your Honor. Good morning. May it please the Court? I'm Chris Cavanius from the District of Arizona. The District Court's sentence in this case was reasonable. As Judge Teshima noted, that phrase that you just used about backing off of the notion that he sentenced this defendant because he didn't have a plea agreement, that's exactly the phrase I had in my notes, that if you look at the record, and that's where the whole record really plays a part here, I'd like to just explain what the District Court said before it sentenced the defendant, and then the sentence over, and then we had this discussion about the plea agreement, and then the Court brings it back and states clearly that that's not what it had done. What it had done was impose a sentence it believed was fair and just while considering all defendants that it had sentenced. It said that afterwards. If I can just explain that this sentence occurred after Booker, so the Court was aware of its advisory, that the guidelines were advisory. The guideline range was 37 to 46 months, and the defendant does not dispute an appeal and agreed here today that that sentence, that that range is proper. The government cited some authority to this Court earlier this week that a sentence within a guideline range would be considered presumptively reasonable. Now this defendant received a sentence four months below that reasonable guideline range. When the District Court sentenced this defendant, what the District Court did was specifically state correctly that he's supposed to consider the sentencing factors under 3553. And he said, and I'm doing that. And one important factor he says he was considering was the need to avoid unwarranted sentencing disparity. And then he notes that just before he sentenced Mr. Sanchez-Toro, he sentenced another defendant who had a plea agreement with the government, who'd received 30 months, and he possessed 600 pounds. And we all know Mr. Sanchez-Toro possessed 220 pounds more. So the District Court selects a sentence of 33 months. And that sentence was not unreasonable, particularly, again, it just makes perfect sense. As a District Court judge, I think Judge Brewery was doing the right thing here. Let me think about the ways I've sentenced other defendants. Excuse me? That as a general matter or in the abstract, it's an unreasonable sentence. I think the argument is that, well, in reaching that sentence, the district judge relied on a factor he should not have relied on. Yeah. What the argument amounts to? I think that's the defendant's What's your response to that? I think that's the defendant's argument. But I would submit that based on the whole record, actually, the District Court backed off of any notion that what it was doing was sentencing this defendant on the basis of the fact that he lacked a plea agreement, that that's not the reason the District Court sentenced this particular defendant. And I'd like to point the Court to a couple of things in the record that show that. When the Court was first sentencing this defendant, he stated, Mr. Sanchez doesn't have a plea agreement, and there ought to be not a consequence for that. But he needs to he said, but I need to foster respect for the plea process. But he knows there shouldn't be a consequence for that. He sentences him to But then he seems to attach a consequence to it. I think we know what he said, and he did back off. I think I totally agree with Tashima's characterization, and I guess yours, too, that he backed off. But address this for the moment on the assumption that, which may or may not be true, I'm not asking you to concede, on the assumption that the lack of plea agreement was relevant to his sentencing choice. I don't think And then the next step would be, okay, if it is, then what? But let's first off, was that improper for him to rely on that factor? It doesn't appear to be constitutionally improper, Your Honor, and that, I think, is what the defendant would have to show. Now, what's that qualifier constitutionally doing in there? Was it improper? Not legally, no. I don't believe it was. And here's why. I cited the case, or Mr. Albert cited the case of Banuelos-Rodriguez. And in that case, this Court noted that a district court would not err in declining to depart based on lack of sentencing, excuse me, fast-track sentencing policies in another district. So the Court, I think, has recognized that some defendants who receive plea agreements may receive an agreed-upon downward departure, whereas other defendants who don't have plea agreements just don't. I think, and when I mean just don't mean, what I'm trying to say is that a district court can note, this defendant has an agreed-upon downward departure by the government. This defendant doesn't appear to be. So now I'm starting with this guideline range of 37 to 46, and now I've got to select what I believe is a fair sentence. And I think what the district court was doing was he previously had sentenced somebody to 30 months who possessed 200 pounds less marijuana, and he selects 33 months, which is four months below that. And I think it's okay for the court to have noted that defendant had a plea agreement. I want to just respond to something that defense can't. I'm not sure you've yet answered my question. I'm assuming not only did he note it, but that that was an ingredient in his decision, not merely that there was more marijuana. I understand all those things, but I want you to assume for purposes of this question that he did, in fact, rely on the fact that this defendant didn't have a plea agreement and that defendant did have a plea agreement. And for everything I can figure out about the other case, the case not before us, there was nothing in the plea agreement that dictated the 30-month sentence. I mean, he just he was free to sentence as he thought he should sentence, and he sentenced that one to 30. This one he sentenced to 33. And I want you to assume that it was one of the factors he considered relevant, that this defendant, by comparison, had no plea agreement. Is that improper? I don't think it is. And the reason is because it's fair for a court to observe that another defendant and, again, we have no idea what was the situation with that defendant, that that defendant has an agreed-upon downward departure to whatever range it was, and we don't even know whether there was a specific sentence that was agreed upon or whether there was a range, and he's selecting that range. We don't really know. We don't really know. We just know that the court, all we have is what the court said about it, but we don't have anything else in the record. But what I also want to add, then, is what we have is that point at which Judge Tashima noted the court backed off of any notion that it was the lack of a plea agreement that called for this sentence. The court reiterates that what it was doing was sentencing him to a just sentence and then not only that, but says, I considered all defendants that I've sentenced with a similar weight. And, again, this is Tucson, Arizona, so Judge Brewery sees lots of drug defendants. And he said, I'm familiar with the ranges that I've given. And I think that shows the court not only, you know, compared this defendant with the one 30-month defendant, but also all defendants. And that's appropriate under the Sentencing Disparity Consideration, that 3553 specific disdains. Kennedy, did you represent the government in trial court in this case? I'm sorry, sir? Did you represent the government in this case in the trial court? I did not. The reason I ask that is I have the impression that whoever this prosecutor was sort of had the practice of offering only, you know, offering plea agreements only in the early disposition phase of the case and didn't offer plea agreements later. And if that is the case and the district judge knew it, then you could almost infer that by talking about, you know, a plea agreement defendant getting a little bit of a break, it's really just a shortcut for early disposition. You know what I mean? Just a shorthand. You understand what I'm getting at? Not exactly, Your Honor. I'm sorry. I have the impression that, I don't know if it's true throughout the Tucson division or not, but that this particular assistant offered plea agreements only at the early disposition stage. And, you know, that's the only chance a defendant had of getting a plea agreement. And, you know, if there was no agreement then, then there would be none later. You don't know whether that was a practice in this case. I do not know whether, and the record doesn't reveal that. What we can say, though, and what I want to make clear is the district court had already sentenced the defendant, and neither the prosecutor nor the defense attorney had mentioned anything about plea agreements. It was only after the court had sentenced the defendant, gave him 33 months, talked about supervised release, special assessment, hey, you have a notice of appeal, and then the government just stands up and says, you know, Your Honor, you mentioned that 30-month plea agreement. I just want to clarify, there might have been a downward departure motion in that case. There might have been a waiver of appeal as opposed to what happened here. And then the court makes the statement that the defendant cites in his brief about plea agreements. Then the defendant stands up and says, hey, wait a minute, I never had a chance for a plea agreement. And that's when the court says, hey, hey, hey, let's not get hung up on plea agreements. What I need to do is sentence this defendant to adjust and reasonable sentence under the 35 and 53 factors. Kagan. Well, the defendant's lawyer says, I never had a chance for a plea agreement. That's at least a partial answer. You're being very cautious, I think, probably so, because you don't know. But I think it's a partial answer to Judge Tsushima's question, at least as to this prosecutor, because the defendant's lawyer says, this prosecutor will never get a plea agreement post-indictment. In other words, the only chance you ever get with a plea agreement with this guy is pre-indictment, some form of early disposition. I don't think the court should give absolute credence to that statement, because all we had was defense counsel's statement that that was the case, and the attorney who's I'm not sure that's unfavorable to your side. Well, what I'm saying is that to the extent that there is some suggestion that this particular prosecutor was acting differently than what our Tucson office does or whatnot, the prosecutor who covered this wasn't the prosecutor that Mr. Leon was discussing. So there's nothing else in the record about the accuracy or anything of that. So I just ask this court not to, you know, make any factual findings based on that, because there really were none. And the reason I think there were none is because the court, again, brought everybody back. Hey, let's not get hung up on plea agreements. What I'm doing is sentencing him to a fair sentence. I see my time is up. Can I just add one thing? Because I gave you a supplemental citation. I wanted to discuss why I did that. There was a case called U.S. v. Manyweather that came out within the last month, December 16th, and I told counsel about it in advance. And there's a little phrase in there or a paragraph where the court notes in the context of a government appeal that even if we thought the court erred with whatever it did at sentencing, if the record shows that the court would impose the same sentence on remand under its Booker authority, then remand is not an appropriate remedy. And I'd submit that in this case it's the same thing. If you look at the record, the court is clearly stating I think 33 months is reasonable. There's no dispute from what I hear today that 33 months was reasonable. So remand in that context would be particularly inappropriate.  Thank you. Thank you, Your Honor. The transcript, I think, gives probably the best indication of what the judge was thinking at the time that he imposed the sentence. And one of the things that I think is most telling is the judge's comment that he ought to punish a defendant for not accepting a plea agreement. In essence, that's what he does. And I think that happens certainly before the sentence was imposed. A sentence, just to answer the prosecution's citation to supplemental authority, we're not arguing that the sentence here is unreasonable. What we're arguing is even if it's reasonable within the sense that it falls within the sentence, an improper consideration enters into the determination of the sentence. And we submit that that's what happened in this case. That's all I have, Your Honor. Thank you. Good. No, you're right on a minute. Thank you very much. Thank both counsel for your helpful argument. The case of United States v. Sanchez-Toro is now submitted for decision. The next case on the argument calendar is United States v. Schipsy.
judges: Noonan, Tashima, W.fletcher